## VERGARA v. BUCK. (No. 6851.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922. Rehearing Denied Jan. 17, 1923.)

**1. Adverse possession ⬤⇒57 — Evidence held admissible, in action to try title, to refute claim of adverse possession.**

On the issue of interruption of defendant's adverse possession by possession of plaintiff's tenants, *held* not error to permit plaintiff's witness to swear he had leased the land in controversy from plaintiff's agent and that he had lost the written lease; and receipt from plaintiff's agent evidencing a payment of rent of the land in controversy was properly admissible.

**2. Evidence ⬤⇒373(1)—Receipt of payment of land rent held admissible where plaintiff explained its reference to land in controversy.**

In an action of trespass to try title to land known as survey No. 1665, a receipt reading, "Certificate 1665," received by witness from plaintiff's agent in payment of land rent, and, introduced in evidence to refute defendant's claim of adverse possession, was properly admissible, where plaintiff's explanation that the Mexicans used the word "certificado" for the word "survey" identified the certificate as referring to the land in controversy.

**3. Adverse possession ⬤⇒57—Evidence of leasing of land by plaintiff held admissible in action to try title to show absence of continuous adverse possession by defendant.**

In trespass to try title, as respects the admissibility of testimony of plaintiff's agent that he, as a representative of D., guardian of plaintiff, leased the land to certain persons during the period of defendant's claimed possession of the land, to show that defendant was not holding an unbroken adverse possession, it was immaterial whether plaintiff had a guardian or was connected with the lease in any manner.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Clara Buck against Ygnacio Vergara. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Winslaw, of Laredo, for appellant.

FLY, C. J. This is an action of trespass to try title to 640 acres of land, being survey No. 1665, land script No. 1160, issued to C. C. S. D. & R. G. R. R. Co., in Webb county, Tex., instituted by appellee against appellant. A trial, without a jury, resulted in a judgment in favor of appellee for the land.

It was admitted that the record title to the land was in appellee, and that appellant had no right or title unless he had acquired it by limitation of ten years. Appellant, as a foundation for his claim to the land by limitation, introduced in evidence a quitclaim deed to him executed by C. C. Pierce conveying the survey in question and three others, and dated October 1, 1907. This suit was instituted on January 6, 1920. Appellant testified to fencing the 2,560 acres of land he bought from Pierce, in 1909; but from his testimony it appeared that the fence was not his, or any part of it, until 1911, and that it was torn down early in 1919. Appellant did not claim any interest in a large portion of the fence which inclosed the land claimed by him, and when the fence was destroyed he made no effort to rebuild it. The evidence showed that the possession of the land by appellant, if he ever had possession, was interrupted for several years between 1909 and 1919. The land was rented to several parties by Foster, the agent of appellee, and they were in possession of it from 1912 or 1913, up to May, 1916. They held adversely to appellant and as lessees of appellee.

[1, 2] It was not error to permit Francisco Contreras to swear that he had leased the land in controversy from Foster, and that he had lost the written lease. The receipt given him for $32 by Foster for rent of the land was properly admitted. While the Spanish receipt called the tract of land "certificate 1665" instead of survey 1665, Foster explained that the Mexicans used the word "certificado" for the word "survey." The land was identified as survey 1665, which was in controversy. The first, second, and third assignments of error are overruled.

[3] The fourth assignment is overruled. We fail to see the force of the objection to the statement of Foster that he had leased the land in controversy to Pancho Contreras, Margarito Lopez, Blas Pena, and Julio Martinez as the representative of Charles Darwin, guardian of Clara Buck. The object of the testimony was to show that appellant was not holding adverse possession of the land, and it did not matter whether Clara Buck had a guardian or not, or whether she was connected in any manner with the lease. The lease and possession of the lessees under

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 21, 1923.

it created a break in appellant's possession, and that was sufficient.

The fifth, sixth, seventh, and eighth assignments of error are without merit and are overruled. The evidence showed breaks in any possession held by appellant, and showed that he did not have adverse possession of the land for 10 years. The testimony of Foster as to the sense in which the word "certificado" was used by him in the Spanish receipt given by him for the rent to Contreras was properly explained, and it was proper to allow Blas to swear that he had a lease to the land. He swore that he occupied the land, and that was the material thing as showing that it was not in the possession of appellant. This possession disproved the claim that appellant had peaceable, adverse possession of the land from 1909 to 1919, when the fences were torn down.

The judgment is affirmed.